IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCE TRESSLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 25-531-JLH-EGT ) |
| CITY OF MILFORD, TODD F. CULOTTA, MAYOR; JASON L. JAMES, VICE-MAYOR; CECILIA ASHE, POLICE CHIEF, | ) ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Presently before the Court is the motion of Defendants City of Milford ("the City"), Todd F. Culotta, Mayor ("Culotta"), Jason L. James, Vice-Mayor ("James") and Cecilia Ashe, Police Chief ("Ashe") (collectively, "Defendants") to dismiss the Complaint (D.I. 1) filed by Plaintiff Lance Tressler ("Plaintiff"). (D.I. 8). For the reasons set forth below, the Court recommends that Defendants' motion be DENIED.

**I.   BACKGROUND[1]**

During the relevant time period, Plaintiff was an intern with the City of Milford, which is a municipal corporation in the State of Delaware. (D.I. 1 ¶¶ 4-5). Plaintiff alleges that Defendants violated his First Amendment rights under the constitutions of the United States and the State of

---

[1]   In their brief, Defendants include "additional facts that are relevant to this Motion" from a complaint filed by Plaintiff in the Delaware Court of Chancery. (D.I. 9 at 1 n.1; *see also id.* at Ex. A). Because the additional material offered derives from allegations (rather than judicial findings), the Court declines to consider that material in ruling on the present motion. *See Macnamara v. Cnty. Council of Sussex Cnty.*, 738 F. Supp. 134, 137 n.3 (D. Del. 1990) ("The court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.").

Delaware by preventing him from speaking at a city council meeting because of his prior research and views on the sale of recreational marijuana. (*Id.* ¶¶ 15 & 17-20).

In October 2024, Plaintiff asked Mark Whitfield ("Whitfield")[2] if he could speak at a city council meeting as a private citizen, and Whitfield gave Plaintiff permission to do so. (D.I. 1 ¶ 9). On January 13, 2025, Plaintiff told his supervisor Lauren Swain ("Swain") that he was planning to speak at a city council meeting about the recreational sale of marijuana, and Swain allegedly supported this. (*Id.* ¶ 10). During the city council meeting,[3] however, Defendants Culotta, James and Ashe denied Plaintiff the opportunity to speak, and Defendants' decision was apparently upheld by town solicitor David N. Rutt. (*Id.* ¶ 11). Although Plaintiff questioned the decision, he "chose not to escalate the situation due to embarrassment and concern for the city staff's reputation." (*Id.* ¶ 12). On January 16, 2025, Plaintiff met with Whitfield and Swain, who apologized to Plaintiff and purportedly agreed that it was wrong for Defendants to prevent Plaintiff from speaking. (*Id.* ¶ 13). The next day, Whitfield told Plaintiff that his civil rights had been violated and that he should have been permitted to speak at the city council meeting. (*Id.* ¶ 14). Whitfield apparently also told Plaintiff that he should file a "FOIA complaint." (*Id.*).

Plaintiff filed his Complaint in this action on May 1, 2025, asserting claims against all Defendants under the First and Fourteenth Amendments of the United States Constitution and under the Article 1, Section 5 of the State of Delaware Constitution for violation of his freedom of expression. (*See* D.I. 1 ¶¶ 17-20). Defendants Culotta, James and Ashe are being sued in their official capacities as Mayor, Vice-Mayor and Police Chief, respectively, as well as in their

---

[2]  Plaintiff does not indicate who Mark Whitfield is.

[3]  Plaintiff also does not indicate when the city council meeting was held, but it would have been sometime between his conversation with Swain on January 13, 2025 and a later meeting with her on January 16, 2025. (*Compare* D.I. 1 ¶ 10, *with id.* ¶ 14).

2

individual capacities. (*Id.* ¶¶ 6-8). Plaintiff seeks compensatory damages and punitive damages against the individual defendants, as well as injunctive relief to allow Plaintiff to speak at future public meetings. (D.I. 1 at 4 (Prayer for Relief)). Plaintiff also seeks a declaration that the city council's vote on the recreational sale of marijuana is void. (*Id.*).

On July 16, 2025, Defendants filed the present motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to state a cognizable claim under the Free Speech Clause of the First Amendment. (*See* D.I. 9).[4] Briefing was complete on September 12, 2025. (D.I. 9, 13 & 14).[5]

## II.  LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See Mason v. Delaware (J.P. Court)*, No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[4]  In their brief, Defendants do not separately address Plaintiff's claims arising under the Delaware Constitution.

[5]  Defendants did not file a reply.

3

of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (cleaned up).

## III.  DISCUSSION

Defendants seek dismissal of Plaintiff's First Amendment claims, arguing that Plaintiff's freedom of speech is limited by his status as a public employee. (D.I. 9 at 8). "When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); *see also Azzarro v. Cnty. of Allegheny*, 110 F.3d 968, 976 (3d Cir. 1997) ("[T]he expressive rights of public employees are not as expansive as those of citizens outside the public work force."). Although the government as an employer has the right to control certain employee conduct, "a citizen who works for the government is nonetheless a citizen." *Garcetti*, 547 U.S. at 418-19. "[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Id.* at 417. A public employee's speech is protected when (1) the employee makes a statement as a private citizen, (2) the statement is on a matter of public concern and (3) the government employer lacks an "adequate justification for treating the employee differently than the general public based on its needs as an employer under the *Pickering* balancing test." *Dougherty v. School Dist. of Phila.*, 772 F.3d 979, 987 (3d Cir. 2014) (cleaned up); *see also Garcetti*, 547 U.S. at 419 (the public employee "must face only those speech restrictions that are necessary for their employers to operate efficiently and effectively").

Defendants argue that Plaintiff's attempted speech was "part of his public employment responsibilities, or at a minimum, was closely intertwined with them" and therefore not subject to First Amendment protection. (D.I. 9 at 7). Plaintiff disputes this characterization, arguing that he was an unpaid intern who received no employee benefits or training. (D.I. 14 at 5; D.I. 1 ¶ 4 (Plaintiff alleging he was an intern at the relevant time)). The more fundamental problem with Defendants' argument, however, is that it ignores Plaintiff's well-pleaded allegations. In the Complaint, Plaintiff alleges that he specifically told his supervisor that he intended to speak as a private citizen at the city council meeting, and his supervisor "supported" that decision. (D.I. 1 ¶¶ 9-10). Plaintiff also alleges that he intended to speak on the recreational sale of marijuana (*id.* ¶ 10; *see also* D.I. 9 at 1), and Defendants agree that Plaintiff's anticipated speech was on a matter of public concern. (D.I. 9 at 8 ("Although Plaintiff was denied the ability to speak at the City Council meeting, it is clear that he intended to discuss a matter of public concern.")). And Plaintiff alleges (and Defendants again agree) that Defendants prevented Plaintiff from speaking on that subject at the city council meeting. (D.I. 1 ¶ 11; D.I. 9 at 9-10). In the Court's view, this is all that is needed to plausibly allege – at this stage – that Plaintiff attempted to speak as a private citizen on a matter of public concern at the city council meeting, and that Defendants interfered with his First Amendment rights when they prevented him from speaking.

Defendants nevertheless argue that the restrictions imposed on Plaintiff's speech were "valid" and "content-neutral." (D.I. 9 at 9-10). In particular, Defendants argue that "[p]ermitting Plaintiff to speak as staff would have procedurally reopened that period, potentially requiring further public comment and disrupting the orderly conclusion of the meeting." (*Id.* at 9; *see also id.* (describing the restriction as "rooted in a clear procedural rule" and not "to suppress Plaintiff's viewpoint")). But Defendants' argument on the validity of its restrictions is exclusively focused

5

on Plaintiff's status as a public employee speaking in his official capacity. As the Court has already concluded, Plaintiff has plausibly alleged that he was attempting to speak at the meeting as a private citizen – as evidenced by him seeking (and receiving) permission to do so. The procedural rationale offered by Defendants (avoiding any reopening of the *staff* comment period) therefore does not apply. And Defendants offer no further rationale for why the restrictions on Plaintiff's speech pass muster under the *Pickering* balancing test. *See De Ritis v. McGarrigle*, 861 F.3d 444, 456 (3d Cir. 2017) (under *Pickering*, courts must balance the employee's interest "as a citizen" speaking on a matter of public concern with the interest of the government "as an employer" in promoting the efficiency of its public services performed through employees).

Ultimately, Defendants invite the Court to weigh competing stories and make factual findings regarding Plaintiff's status as a public employee, the capacity in which he attempted to speak and the actions (and motivations) of Defendants in preventing Plaintiff's speech. None of that is proper here. Looking solely to the well-pleaded allegations in the Complaint, the Court finds that Plaintiff has adequately pleaded a First Amendment claim against Defendants.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that Defendants' motion to dismiss (D.I. 8) be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2). Any responses to the objections shall limited to ten (10) pages and filed within fourteen (14) days after the objections. The failure of a party to object to legal conclusions may result in the loss of

the right to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: October 28, 2025

_____
UNITED STATES MAGISTRATE JUDGE